PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTIN L. LETZELTER,

        Petitioner,

  -v-                                                    20-CV-568
                                                              ORDER

JULIE WOLCOTT, *Superintendent*
*Orleans Correctional Facility*,

        Respondent.
_____

       The *pro se* petitioner, Justin Letzelter, was an inmate at the Orleans Correctional Facility ("Orleans") when he filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Docket Item 1. As he alleges in more detail in the petition, Letzelter claims that he was convicted in New York State Supreme Court, Ontario County, in violation of his constitutional rights. *Id.* The petitioner has paid the $5.00 filing fee.

       For the reasons that follow, the Court will dismiss the petition unless Letzelter takes ones of the steps outlined below to address his failure to exhaust the remedies available to him in state court.

---

    [1] Letzelter has since been released to parole. *See* Docket Item 2; New York State Inmate Look Up, http://nysdoccslookup.doccs.ny.gov/. "Even though [Letzelter] has been released on parole," however, "he remains 'in custody' for habeas proceedings." *Dixon v. Miller*, 293 F.3d 74, 78 (2d Cir. 2002) (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

**DISCUSSION**

Under section 2254, habeas relief may be awarded only if the petitioner has exhausted all "available" state court remedies. See 28 U.S.C. § 2254(b). "If . . . one or more of [a petitioner's] claims has not been fully exhausted . . . , the district court must either" (a) dismiss the petition entirely and "send [the petitioner] back to state court" or (b) "afford [the petitioner] the opportunity to abandon his unexhausted claims and proceed only with his exhausted claims." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001) (citing *Rose v. Lundy,* 455 U.S. 509, 519-20 (1982)).

A section 2254 petition generally must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 US.C. § 2244(d)(1)(A).[2] And once an individual files a petition under section 2254, he may not file a "second or successive" petition raising any "claim . . . presented in [the] prior application" or, subject to narrow exceptions, any "claim . . . not presented in [the] prior application." See 28 U.S.C. §

---

[2] *See also id.* § 2244(d)(1)(B)-(D) (enumerating special circumstances that restart the limitations period); *id.* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the one-year] period of limitation."); *Davis v. Lempke*, 767 F. App'x 151, 152-53 (2d Cir. 2019) (summary order) ("In 'rare and exceptional' circumstances, [the] one-year statute of limitations can be equitably tolled to permit the filing of an otherwise time-barred petition." (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

2244(b). [3]  But an individual may, in certain circumstances, amend a pending petition to add additional claims; for purposes of the statute of limitations, an amendment to a timely filed petition "'relate[s] back' to the date of [the] original petition if the added claim 'arose out of the conduct, transaction, or occurrence set forth' originally." *Zarvela*, 254 F.3d at 382 (quoting Fed. R. Civ. P. 15(c)(2)).

Here, it appears from the face of the petition that Letzelter has not exhausted his state court remedies. Letzelter says that he was convicted on June 5, 2017, and that his direct appeal from that conviction was affirmed by the Appellate Division, Fourth Department, on March 13, 2020. Docket Item 1 at 2; *see also People v. Letzelter*, 181

---

[3] Section 2254(b) provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

A.D.3d 1204 (March 13, 2020). Letzelter then requested permission to appeal to the New York Court of Appeals, and that application remains pending. Docket Item 1 at 2. Letzelter also has a motion under New York Criminal Procedure Law § 440.10 pending before the Supreme Court, Ontario County, in which he alleges that he received ineffective assistance of appellate counsel.[4] *See id.* at 2-3. Therefore, none of his claims appear to have been exhausted.[5]

Nevertheless, in light of Letzelter's *pro se* status, the Court will provide him "notice and an opportunity to be heard" before dismissing the petition. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). As explained below, Letzelter has four options. **Failure to comply with one of these four options within 30 days of the date of this order will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court**.[6]

**First**, Letzelter may amend his petition to raise **only** those grounds for which state court remedies have been exhausted, thereby withdrawing from this Court's

---

[4] *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (explaining that a petitioner may "adequately exhaust[ ] [an] ineffective[-]assistance[-of-appellate-counsel] claim . . . by 'fairly present[ing]' it to the [Appellate Division] in [a] coram nobis petition and then seeking leave to appeal to the New York Court of Appeals" (citing *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999)).

[5] Letzelter suggests that the ongoing COVID-19 pandemic has affected his ability to exhaust state-court remedies, *id.* at 4-5, but he has not shown that the pandemic has rendered these remedies "unavailable" or "ineffective to protect [his] rights," 28 U.S.C. § 2254(b)(1)(B).

[6] Such dismissal shall not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of a "second or successive" petition. The Court also notes that, regardless of the option Letzelter chooses, the Court again may evaluate the petition or amended petition under section 2254(b)(1)(A).

4

consideration all unexhausted grounds. Section 2244(b) may foreclose Letzelter from raising the withdrawn grounds in a "second or successive" habeas petition.

**Second**, Letzelter may withdraw the entire petition so that he can exhaust all of his claims. If Letzelter chooses this option, he may later—subject to the statute of limitations[7]—raise the withdrawn claims in another petition. The subsequent petition would not be considered a "second or successive" petition under section 2244(b).

**Third**, if Letzelter demonstrates that this petition includes both exhausted and unexhausted claims, he then may ask this Court to stay his petition so that he can pursue his state court remedies with respect to the unexhausted claims. *See Zarvela*, 254 F.3d at 381. If the Court grants that request, the Court would "condition the stay on [Letzelter's] pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to [this C]ourt within a similarly brief interval, normally 30 days after state court exhaustion is completed." *See id.*

**Fourth**, if Letzelter has unexhausted claims that he is procedurally barred from pursuing in state court, he may ask this Court to find that cause and prejudice exist to nevertheless deem the state court remedies exhausted. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (explaining that when a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged

---

[7] The United States Supreme Court has determined that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of the tolling provision of 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). Accordingly, the time for filing a federal habeas petition has not been tolled during the pendency of the instant petition.

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"). If Letzelter chooses this option, he should use the attached Section 2254 Exhaustion Response Form to explain, for each claim, the reason for his failure to exhaust and the prejudice that resulted from that failure. **If the Court does not find cause and prejudice, the Court may dismiss the petition and all the grounds therein with prejudice, thereby foreclosing Letzelter under section 2244(b) from raising the grounds in a "second or successive" petition.**

**ORDER**

IT IS HEREBY ORDERED that **within 30 days of the date of this order**, Letzelter shall choose and comply with one of the four above options; and it is further

ORDERED that if Letzelter fails to choose and comply with one of the four above options within 30 days of the date of this order, the Clerk of Court shall dismiss the petition without further order; and it is further

ORDERED that the Clerk of Court shall mail Letzelter a blank Section 2254 Exhaustion Response Form, a copy of his original petition, and a blank section 2254 petition form that he may use if he chooses to amend his petition; and it is further

ORDERED that Letzelter shall notify the Court in writing if his address changes. The Court may dismiss the action if Letzelter fails to do so.

SO ORDERED.

Dated:   July 6, 2020
         Buffalo, New York

                                              /s/ Hon. Lawrence J. Vilardo
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE